IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANNY R. STONE, Inmate #K56190,** )<br> )<br>   **Plaintiff,** )<br> )<br>**vs.** )<br> )<br> )<br>**ROGER E. WALKER, JR., JASON C.** )<br>**GARNETT, SHARON KLUGE, JOHN** )<br>**DOE, RICK ORR, and JANE DOE,** )<br> )<br>   **Defendants.** ) | **CIVIL NO. 06-598-JLF** |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

    Plaintiff, an inmate in the Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal for failure to state a claim.

    Plaintiff alleges that Defendants have miscalculated the sentence imposed upon him by an

Illinois court, thus keeping him in prison for a period longer than that permitted by statute or imposed by the Court. Specifically, Plaintiff disputes the Illinois Department of Corrections's determination of his term of mandatory supervised release. For this unlawful custody, Plaintiff seeks compensatory and punitive damages against the individuals responsible for the miscalculation.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).

> The reasoning of *Heck v. Humphrey* is that a prisoner should not be able to use a suit for damages to get around the procedures that have been established for challenging the lawfulness of continued confinement. It is irrelevant whether the challenged confinement is pursuant to a judgment imposing a sentence or an administrative refusal to shorten the sentence by awarding good-time credits.

*Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996). *See also Clemente v. Allen,* 120 F.3d 703, 705 (7th Cir. 1997) (*Bivens* suit seeking damages for alleged miscalculation of federal prisoner's sentence barred by *Heck*); *Rooding v. Peters,* 92 F.3d 578, 580-81 (7th Cir. 1996) (suit for damages under § 1983 for miscalculation of sentence credits did not accrue until plaintiff prevailed in state mandamus action). Plaintiff does not allege that any state court has ever found that his sentence was miscalculated, nor does he present any exhibits which indicate that he has prevailed

in a state mandamus action regarding the length of his sentence. Therefore, until he has successfully challenged his sentence calculation in state court, he is barred from seeking vindication in this suit for damages. *Miller,* 75 F.3d at 331.

Plaintiff may challenge his conviction in a habeas corpus action pursuant to 28 U.S.C. § 2254, but only after he has presented all of his claims to the Illinois courts. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) ("Habeas corpus is the sole federal remedy for challenging the fact or duration of an inmate's confinement"). Ordinarily, this will involve raising every issue at trial or in a post-conviction motion, and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court.

Accordingly, Plaintiff has not presented a viable constitutional claim, and this action is **DISMISSED** without prejudice to Plaintiff bringing his claims in a habeas corpus action, but only after he has exhausted his state court remedies.

**IT IS SO ORDERED.**
**DATED: October 3, 2006.**

             *s/ James L. Foreman*
             **DISTRICT JUDGE**